IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIA WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cv-578-RAH |
| | ) | |
| LEE COUNTY DETENTION | ) | |
| FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion to Dismiss* (doc. 24) filed by the Defendants. The motion is fully briefed and ripe for decision. After careful review, the motion is due to be granted.

### **Background**

Antonia Woody was a detainee[1] held at the Lee County Detention Center (LCDC) in Opelika, Alabama. Woody is now held at Kilby Correctional Facility in Mt. Meigs, Alabama. (Doc. 31.) According to Woody, during his stay at the LCDC, he was subjected to cruel and inhumane treatment, unsanitary living conditions, overcrowding, sleeping on the floor, mold on the walls and shower, and no fresh drinking water. (Doc. 1 at 3.) In particular, he claims that he has been forced to sleep on the floor since December 2024, in a unit that houses over 20 people with a capacity for 12, and that he has to shower in the nude in front of everyone. (*Id.* at 4.)

---

[1] The Court will presume that Woody was a detainee at the Lee County Detention Facility, as the state court criminal database shows that Woody was indicted in Lee County in October 2023 on theft of property charges and pleaded guilty to the charge in May 2025. But regardless of whether he was a detainee or an inmate, the outcome of the Defendants' motion would be the same.

He claims back problems from sleeping on the floor, trouble breathing from the mold, and he seeks relief from these conditions and $200,000. (*Id.* at 5.)

Woody filed this lawsuit on July 28, 2025, against the LCDC and Sheriff Jay Jones. The Defendants move to dismiss the Complaint in its entirety.

## Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the same liberal reading does not apply to legal conclusions. *Anderson v. Wilco Life Ins. Co.*, 17 F.4th 1339, 1344–45 (11th Cir. 2021) (quotation and citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## Discussion

The Defendants first argue that the LCDC is not a legal entity capable of being sued. They are correct on this point. Capacity to sue or be sued is determined by the law of the state in which the district court sits, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), and it consistently has been held that county jails are not proper

defendants under Alabama law. *See Moon v. Russell County Jail*, No. 3:20-CV-727, 2020 WL 5997120, at *2 (M.D. Ala. Sept. 17, 2020), report and recommendation adopted, No. 3:20-CV-727, 2020 WL 5995504 (M.D. Ala. Oct. 9, 2020) ("[I]t is clear the Russell County Jail is not a legal entity subject to suit and is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(b)(1)."); *Alexander v. Houston County Jail*, No. 1:20-CV-30, 2020 WL 762281, at *1 (M.D. Ala. Jan. 17, 2020), report and recommendation adopted, No. 1:20-CV-30, 2020 WL 762375 (M.D. Ala. Feb. 14, 2020) ("[A] county jail is not a viable defendant under Section 1983.") (citation and brackets omitted); *Linares v. Etowah County Jail*, No. 4:14-CV-01364, 2015 WL 1643381, at *1 n.1 (N.D. Ala. Apr. 13, 2015) ("[Etowah County] [J]ail is not a legal entity capable of being sued under § 1983."); *Holifield v. City of Mobile Mun. Ct. of Mobile, Ala.*, No. 07-0309, 2009 WL 793516, at *2 (S.D. Ala. Mar. 19, 2009) ("Because an Alabama sheriff's department lacks the capacity to be sued, then, it follows that the jail likewise lacks the capacity to be sued."). Accordingly, the LCDC is due to be dismissed.

As to Sheriff Jones, the Defendants argue that the Complaint fails to state a claim against him. In particular, they note that the Complaint does not contain a single factual allegation connecting Sheriff Jones to any alleged wrongful conduct or what he did or did not do, or how he has violated Woody's constitutional rights. They also argue that the Complaint is an improper shotgun complaint since it fails to allege exactly what Sheriff Jones has done, does not identify any claims specific to him, contains no counts, and no legal theories. Lastly, they argue that Sheriff Jones is entitled to qualified immunity.

In response, Woody states that Sheriff Jones is responsible for overall operations of the LCDC and therefore is obligated to provide safety and care to Woody. Woody does not otherwise respond to the Defendants' assertions that his

complaint is a shotgun complaint, that there are no specific allegations against Sheriff Jones, or that Sheriff Jones is entitled to qualified immunity.  As such, Jones has abandoned his claims. *Martinez v. United States*, No. 25-12980, 2026 WL 479811, at *1 (11th Cir. Feb. 20, 2026) ("[A] legal claim or argument that has not been briefed is deemed abandoned and [] its merits will not be addressed."); *Avery v. City of Covington*, No. 1:18-CV-5417, 2020 WL 10054679, at *13 (N.D. Ga. Jan. 22, 2020) ("Plaintiff does not respond in any meaningful way to [Defendant's] qualified-immunity argument, which he has therefore abandoned."); *Fedderman v. Palm Beach County Sch. Bd.*, No. 22-81857-Civ, 2024 WL 654668, at *17 (S.D. Fla. Feb. 15, 2024) ("because Plaintiff fails to make even *passing* reference to qualified immunity . . . the Court finds that Plaintiff has waived any argument that [Defendant] is not entitled to qualified immunity.").

But even if not abandoned, Woody's claims against Sheriff Jones still are due to be dismissed because Sheriff Jones is entitled to qualified immunity. "Qualified immunity protects government officials if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Nam Dang v. Sheriff, Seminole County Fla.*, 871 F.3d 1272, 1278 (11th Cir. 2017) (quotation omitted). "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted). "To be entitled to qualified immunity, a public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Nam Dang*, 871 F.3d at 1279 (quotation omitted). "An official acts within his discretionary authority if his actions (1) were undertaken 'pursuant to the

performance of his duties,' and (2) were 'within the scope of his authority.'" *Id.* (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)).

Woody's allegations all pertain to Sheriff Jones's actions in the course of his duties as a jail official. Therefore, Sheriff Jones has shown he was acting within his discretionary authority at the relevant times and is eligible to assert qualified immunity.

After a defendant establishes that he was acting within his discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Myrick v. Fulton County*, 69 F.4th 1277, 1297 (11th Cir. 2023). A plaintiff fulfills this burden by showing that (1) the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) that the violated right was clearly established at the time of the alleged violation. *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). These two elements may be addressed in any order, and if the plaintiff fails to show one is fulfilled, the court need not reach the other. *Id.*

The first step of qualified immunity analysis is the identification of the "precise constitutional violation" that the plaintiff alleges and the explanation of "what the violation requires." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In this case, Woody has alleged that Sheriff Jones was deliberately indifferent to the serious risk of harm posed by the conditions in Woody's housing unit, namely that he was required to sleep on the floor in an overcrowded unit without privacy.

While a jail must "provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care," only an "official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" violates the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 828, 832 (1994). The Eighth Amendment's prohibition on cruel and unusual punishment applies to pretrial

detainees through the Fourteenth Amendment's Due Process Clause. *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009) (recognizing that a pretrial detainee's rights "exist under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment," but that such "claims are subject to the same scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment.") (citations omitted).

To show conditions of confinement that are "sufficiently serious" to violate the Constitution, a plaintiff must allege that "'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of 'serious damage to [the detainee's] further health or safety.'" *Jacobs v. Georgia*, 820 F. App'x 882, 887 (11th Cir. 2020) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)). To make this showing, a prisoner must allege an objective "substantial risk of serious harm," and a jail official's subjective deliberate indifference to that risk. *Keith v. DeKalb County*, 749 F.3d 1034, 1047 (11th Cir. 2014). To satisfy the objective "substantial risk of serious harm" component, a plaintiff "must show a deprivation that is 'objectively, sufficiently serious,' which means that the defendants' actions resulted 'in the denial of the minimal civilized measure of life's necessities.'" *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834). "Generally speaking, prison conditions rise to the level of a [constitutional] violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Woody broadly alleges that the housing unit was overcrowded, that he was required to sleep on the floor, and that he had no privacy. Without more, none of these alleged conditions state a claim for a constitutional violation. Woody's

generalized allegations do not suffice. *See, e.g., Franklin*, 738 F.3d at 1250 ("Conclusory allegations fail to apprise defendants of the factual basis of the plaintiff's claims.").

For example, standing alone, alleged overcrowding does not violate the Constitution even where inmates have to sleep on the floor or a table. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Jacoby v. Baldwin County*, 835 F.3d 1338, 1346 (11th Cir. 2016). Nor does the lack of privacy. *See Powell v. Barrett*, 541 F.3d 1298, 1313 n.6 (11th Cir. 2008) ("We do not think it is open to serious dispute that inmates of the same sex may be required to shower together and that guards of that sex may watch them while they are showering to prevent any misconduct."). Nor do vague allegations about mold in the shower or on the walls. *See, e.g., Stallworth v. Wilkins*, 802 F. App'x 435, 443–44 (11th Cir. 2020) (holding mold on food trays does not violate the Constitution); *Beckwith v. Alabama*, No. 2:14-cv-933, 2017 WL 3765769, at *8 (M.D. Ala. July 12, 2017), report and recommendation adopted, No. 2:14-cv-933, 2017 WL 3765743 (M.D. Ala. Aug. 30, 2017) (holding that presence of mold in the shower and restrooms was not so extreme as to violate the Constitution); *Marine v. Kelly*, No. 3:18-cv-2172, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019), report and recommendation adopted, No. 3:18-cv-2172, 2019 WL 2583155 (N.D. Fla. June 24, 2019) (holding the presence of black mold in the shower, dayroom, and cell is not sufficiently serious to run afoul of the Constitution); *Venturi v. Boyd*, 3:14-cv-00823, 2014 WL 5824641, *5 (N.D. Ala. Oct. 14, 2014) (mold in the shower area did not rise to level of constitutional violation).

Big picture, Woody does not allege sufficient facts that any alleged jail condition was so objectively "serious" or "extreme" so as to state a claim for the denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*,

614 F.3d 1288, 1304 (11th Cir. 2010) (quotation omitted); *Brooks v. Warden*, 800 F.3d 1295, 1303–04 (11th Cir. 2015). Woody does not adequately allege that Sheriff Jones's conduct violated his constitutional rights with regard to his conditions of confinement and his "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice. *Iqbal*, 556 U.S. at 678 (mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.") (quotation omitted). Accordingly, Woody has not shown a constitutional violation by Sheriff Jones and therefore Sheriff Jones is entitled to qualified immunity for the claims against him that seek monetary damages.

And to the extent Woody sues Sheriff Jones for injunctive relief, that is, "relief from these conditions," his injunctive relief claim is moot since he is no longer housed at the LCDC and therefore is no longer subject to those conditions. See *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

### Conclusion

Accordingly, for good cause, the Defendants' *Motion to Dismiss* (doc. 24) is due to be and is hereby **GRANTED**. Plaintiff's *Declarations for Entry of Default* (docs. 32 and 33) are **DENIED** as moot. This case is dismissed.  A separate judgment will issue.

DONE, on this the 17th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE